IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | * |
| Plaintiff, | * |
| | * |
| v. | *   CIVIL NO. MJG-02-4040 |
| | * |
| ASSORTED PERSONAL PROPERTY | * |
| (CANTINE) | * |
| Defendant. | * |

* * * * * * *

## MOTION FOR FINAL ORDER OF FORFEITURE

The United States of America, by and through undersigned counsel, hereby moves for entry of an order of forfeiture, and in support of such motion states the following:

1. The Verified Complaint for Forfeiture of the defendant property, which, the government submits, sets forth probable cause for the forfeiture of the defendant property, was filed on or about December 13, 2002.

2. On or about December 19, 2002, the United States Marshal arrested, or executed process on, the defendant property.

3. As the Verified Complaint sets forth, the property was seized from Marvin Cantine. Marvin Cantine filed an administrative claim with the Drug Enforcement Administration on or about September 19, 2002. A copy of the Verified Complaint and other pertinent documents were mailed to Marvin Cantine, 10799 Hickory Ridge Road, Columbia, Maryland 21044, 1310 Stonebridge Boulevard, New Castle, Delaware 19720 and Central Booking Ntake Facility, 401 E. Madison Street, Baltimore, Maryland 21202, on or about January 22, 2003.

4. On or about February 11, 2003, Robert W. Biddle, Esquire informed the U.S. Attorney's Office that he would be representing Marvin Cantine regarding the defendant property. The government granted Mr. Biddle an extension in which to answer the complaint, interrogatories and request for production of documents, until March 31, 2003.

5. By letter dated February 23, 2002, Marvin Cantine contacted the U.S. Attorney's Office stating that he would forfeit his interest in the defendant $63,083 and $9496 U.S. Currency and the defendant assorted jewelry seized under Asset Id No. 02-DEA-401123. Mr. Cantine requested the return of the defendant $6265 and $1757 U.S. Currency, One Gents platinum and 18K gold wedding band, and One 14K gold Gents bracelet watch. A copy of the letter is annexed hereto as Exhibit A. At Mr. Biddle's request, a copy was mailed to him. Subsequently, Mr. Biddle informed this office that he no longer represented Mr. Cantine in this civil matter.

6. On or about August 20, 2003, the U.S. Attorney's Office forwarded a Settlement Agreement to Marvin Cantine according to the terms outlined in his correspondence. A copy of the Settlement Agreement is annexed hereto as Exhibit B.

7. By letter dated October 8, 2003, Marvin Cantine stated that he was no longer agreeable to the settlement terms he initially proposed. A copy of the letter is annexed hereto as Exhibit C.

8. On or about October 21, 2003, the government declined Mr. Cantine's counter-offer of a revised settlement. A copy of the letter is annexed hereto as Exhibit D.

9. On or about December 26, 2002, January 4 and 10, 2003, notice of the pendency of this case was published in The Baltimore Sun, the Afro-American and The News Journal, respectively, newspapers of general circulation in Baltimore City and New Castle, Delaware, pursuant to Rule C of the Supplemental Rules For Certain Admiralty and Maritime Claims. Copies of the advertising certifications are attached hereto as Exhibit C.

10. No other claimant has come forward within the time allotted by law for the filing of claims, which is within thirty (30) days of the date of publication. 18 U.S.C. section 983(a)(4)(A).

**WHEREFORE**, the United States of America respectfully requests that the Court enter judgment for the United States of America under the terms and conditions of the draft order submitted herewith for the convenience of the Court.

Respectfully submitted,

Thomas M. DiBiagio
United States Attorney

/s/ Tamera L. Fine

12-19-03
Date

Tamera L. Fine
Assistant United States Attorney
6625 United States Courthouse
101 West Lombard Street
Baltimore, Maryland 21201-2692
Telephone (410) 209-4800

3

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on December 22 2003, a copy of the foregoing Motion for Final Order of Forfeiture was mailed first class, postage prepaid to Marvin Cantine, # 315093, R.C.I., 18701 Roxbury Road, Hagerstown, Maryland 21746.

_____
Tamera L. Fine
Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, * | |
| Plaintiff, * | |
| * | |
| v. * | CIVIL NO. MJG-02-4040 |
| * | |
| ASSORTED PERSONAL PROPERTY * | |
| (CANTINE) * | |
| Defendant. * | |

\* \* \* \* \* \* \*

## FINAL ORDER OF FORFEITURE

**IT IS ORDERED, ADJUDGED, AND DECREED** on this \_\_\_\_ day of December 2003 that:

1. The United States of America has provided constructive notice by publication of the pendency of this forfeiture action;

2. The time for the filing of any claim to contest this forfeiture has expired, and no claim has been filed;

3. The United States of America has shown that there was reasonable cause for the seizure of the defendant property under 28 U.S.C. section 2465;

4. $6265 and $1757 U.S. Currency, One Gents platinum and 18K gold wedding band, and One 14K gold Gents bracelet watch shall be released to the claimant, in accordance with the claimant's letter and the government's Settlement Agreement attached to the government's motion. The remaining defendant property is condemned and all rights, title, and interest of Marvin Cantine, and any and all other persons is **HEREBY FORFEITED** to the United States of America.

5. The United States Marshals Service shall dispose of the defendant property in accordance with law and in accordance with the agreement annexed to the government's motion.

6.  The clerk of the court shall provide copies of this order to counsel of record.

>                               _____
>                               Marvin J. Garbis
>                               United States District Judge