P 4: 0b

UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
101 W. LOMBARD STREET
BALTIMORE, MARYLAND 21201

'IM

**Chambers of**
**Hon. Marvin J. Garbis**
United States District Judge

Tele: 410-962-7700

January 20, 2004

TO ALL COUNSEL AND PARTIES

    Re: USA v. Assorted Personal Property (Cantine)
        Civil Action No. MJG-02-4040

Dear Sir/Madam:

    I have Marvin Cantine's undated letter (received January 12, 2004) and Assistant U.S. Attorney Fine's letter of January 13, 2004. I understand the pertinent facts to be the following:

1. Prior to December 13, 2002, the Government seized the following property at issue:

   a. Jewelry valued at $15,500

   b. Currency in the following amounts:

      (1) $10,224
      (2) $ 9,496
      (3) $63,083
      (4) $ 6,265
      (5) $ 1,757

2. On December 13, 2002, the Government filed the instant Complaint for Forfeiture.

3. On February 23, 2003, Mr. Cantine proposed to settle the case on the basis that he would receive the $6,265

TO ALL COUNSEL AND PARTIES
RE: MJG-02-4040
January 20, 2004
Page No. 2

        and $1,757 of currency and specified jewelry (a wedding band and a watch) and would consent to forfeiture of the balance seized.

4. On August 20, 2003, Government counsel provided Cantine with a settlement agreement setting forth the terms proposed by Cantine.

5. By letter of October 8, 2003, Cantine declined the Government's proposal and asked for the "release of all of my property" or to "redo the Settlement Agreement."

6. By letter of October 21, 2003, Government counsel declined Cantine's proposal and required acceptance of the Government's offer by November 5, 2003.

7. Cantine did not accept the Government's offer.

8. On December 22, 2003, Government counsel filed a Motion for Final Order of Forfeiture and submitted a proposed Final Order of Forfeiture.

9. On December 23, 2003, the Court issued the Final Order of Forfeiture prepared by the Government.

10. The December 23, 2003 Final Order of Forfeiture gave Cantine the benefit of the agreement proposed by the Government. Therefore, Cantine was (and still is) entitled to receive currency of $6,265 and $1,757 and the specified jewelry.

11. On January 12, 2004, the Court received the aforesaid letter from Cantine requesting that the case be reopened.

    The Court will seek to make the situation as clear as possible. As matters now stand, Cantine will receive $8022 of cash plus a wedding ring and watch.

    If Cantine wishes this case reopened, it shall be reopened in full. Therefore, Cantine will have to litigate the

TO ALL COUNSEL AND PARTIES
RE: MJG-02-4040
January 20, 2004
Page No. 3

Government's forfeiture claim. He may, of course, ultimately be found entitled to receive more than $8,022, a wedding band and a watch. On the other hand, the Government is free to take the position that Cantine is entitled to no recovery at all. Therefore, it is possible that Cantine will receive less than $8,022, the wedding band and the watch.

    Under the circumstances, Cantine will be given the chance to decide upon his course of action. If, by February 14, 2004, Cantine files a request to reopen, the case shall be reopened and shall proceed to resolution. If Cantine does not file such a request, the case shall not be reopened and the Government shall, promptly, provide Cantine with $8,022, the wedding ring and the watch.

    Although informal in nature, this is an Order of the Court.

Very truly yours,

*/s/ Marvin J. Garbis*

Marvin J. Garbis
United States District Judge