IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| Plaintiff | * | |
| | * | |
| vs. | * | CIVIL ACTION NO. MJG-02-4040 |
| | * | |
| ASSORTED PERSONAL PROPERTY | * | |
| (CANTINE) | * | |
| Defendant | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \*

## MOTION TO SUPPRESS

    Comes now the Defendant, Marvin Cantine Pro Se, pursuant to Federal Rules of Civil Procedure, and submits this Motion to suppress for the following reasons as to witt:

1) The Defendant contends that on November 20, 2001, The Joint Task Force seized and took from the persons of Karen Page, and Ena Cantine the monetary sum of 52,783.00 in U.S. Currency which was on their persons and in their possession. The Joint task Force had no warrant to execute upon the persons of Karen Page and Ena cantine. The seizing of the money was a result of a blatantly illegal search and seizure in violation of the 4th amendment of the United States Constitution.

2) The Defendant contends that on October 23, 2001, The Joint Task Force seized and took from the person of Harvey Lippman the monetary sum of 10,224.00 in U.S. Currency which was contained in a small black bag accompanied with itemized receipts for deposit to the bank. These proceeds were legally gained from the legitimate earnings of a legitimate establishment in the

name of Club Bar.  The Task Force seized the bag with the receipts and money without any probable cause or warrant.  The money was not illegally gained and therefore should not have been subject to any seizure or forfeiture.  There was substantial evidence that the contents of the bag was en route to be deposited at the bank, from earnings from the bar.

3) The Defendant contends that on November 20,2001, The Joint Task Force obtained a warrant that was deficient and defaced.  This said warrant was to be executed at The Bank of America in Columbia, Maryland.  The warrant's intent was for the seizure of contents contained within a safety deposit box, inside the bank.  The Joint Task Force Seized the monetary amount of 10,300.00 from inside of the safety deposit box.  The bank management provided The Joint Task Force with the safety deposit box's signature card for entrance into the safety deposit box.  The signature card specifically shows that there was an absence of activity in the vault with this safety deposit box prior to, November 20,2001 for the whole duration of the said such investigation.  The funds in the box were not illegally gained, and at no time has The United States Attorney's Office, manifested any illegal activity that would prove that this particular sum of U.S. Currency, was derived from any illegal gains.

4) On November 20,2004, The Joint Task Force went to the Columbia, Maryland branch of The bank of America, for the purpose of gaining entry into and to seize the contents of a safety deposit box.  The safety deposit box in question was in the name of Mrs. Ena Cantine.  The Joint Task Force at this time had still been listening to a wire tap on the A-line of a cellular phone.  This phone was in the possession and used by Mrs. Shallise Cantine.  Mrs. Shallise Cantine was not a targeted suspect named in any warrant for wiretapping.  On the morning of November 20,2001, The Joint Task Force intercepted phone activity on Mrs. Shallise Cantine's A-line cell phone

(410) 419-3215. This intercepted conversation was in reference to posting bail for her husband who had been arrested the day before. Mrs. Shallise Cantine had conveyed to a family friend that her husband,(Marvin Cantine) needed to call his mother, Mrs. Ena Cantine so that she could possibly retrieve and come up with some money to make bail if the Defendant was given a set bail. It is ironic that the Joint Task Force for some apparent reason, neglected and blatantly disregarded their professional and ethical duty in abiding by the U.S. Constitution and basic law enforcement protocol. These practices are not to be intrusive towards those who are innocent and those who are not privileged to such evasive invasion of privacy by using tactics such as the wiretapping of phone lines. Most damaging and disturbing is the fact that The Joint Task Force had a total of 533 recorded wiretapped phone calls on Mrs. Shallise Cantine's (410) 419-3215 phone line. This was so troubling and upsetting to The Honorable Judge Alpert of Baltimore City Circuit Court, that he suppressed and disallowed any wiretap evidence and information from Mrs. Shallise Cantine's (410) 419-3215 cell number as he felt that this evidence obtained was to intrusive upon her privacy which is protected under the U.S. Constitution. This is the very same phone line in which information was gained pertaining to the U.S. Currency being held in the safety deposit box, in The Bank of America, located in Columbia, Maryland.

On the morning of November 20,2001, a day after they had their prime target and suspect arrested (Marvin Cantine), The Joint Task Force were still listening to an A-line wire tap of (410) 419-3215, knowing full well that they were in violation of Federal law. It is from this conversation that they proceeded to survey The Bank of America located in Columbia, Maryland in order to gain access to a safety deposit box in the name of, Mrs. Ena Cantine and not the defendant, Marvin Cantine. On that same morning they aggressively pursued and harassed Mrs. Ena Cantine and her daughter Mrs. Karen Page who went to the bank to obtain some money in order to bail the defendant, Marvin Cantine out of jail. They hounded these two (2)

innocent, law abiding woman who had nothing to do with this investigation and case.  Mrs. Ena Cantine is a senior citizen who was subjected to this type of aggressive harassment.  Even worse and just as disturbing, they threatened to arrest this senior law abiding citizen for no reason.  They seized a sum of 52,783.00 U.S. Dollars from Mrs. Ena Cantine and Ms. Karen Page without a warrant.  They then went back to the Bank of America and retrieved an additional 10,300.00 U.S. Currency from the safety deposit box.  This seizure of 63,083 U.S. Currency was in violation of the Fourth Amendment of The U.S. Constitution pertaining to the illegal search and seizure.  There was also a violation in respect to the listening of a phone line without having legal authority or Judicial permission.  The citizens of The United States are protected and secure under the U.S. Constitution.  Law enforcement officials are not given the power to abuse the laws and subject innocent citizens to such abuse, even if they believe they are suspects related to these citizens.  For all of these reasons, the defendant asks this Honorable Court to suppress all evidence related to the seizing of any U.S. Currency on the morning of November 20, 2001, from the safety deposit box in The Bank of America, located in Columbia, Maryland and that this further includes any monies confiscated from the persons of Mrs. Ena Cantine and Ms. Karen Page.

5) For the said such reasons, of illegal search and seizure in violation of The 4th Amendment of The United States Constitution, and the defaced and deficient warrant, the Defendant asks this Honorable Court to grant their motion to suppress.

   Wherefore, The Defendant respectfully prays that this Honorable Court will:

1) Grant this motion to suppress the monetary sum of 52,783.00 in U.S. Currency seized and taken from the persons of Karen Page and Ena Cantine, on November 20, 2001.

2) Grant the motion to suppress the monetary sum of 10,224.00 in U.S. Currency, taken and seized from the person of Harvey Lippman on October 23, 2001.

3) Grant the motion to suppress the monetary sum of 10,300.00 in U.S. Currency from a safety deposit box in The bank of America located ion Columbia, Maryland, that was seized and taken on November 20, 2001.

4) Grant and suppress all information and evidence received from and gained from the wiretapping of Mrs. Shallise Cantine (410) 419-3215 cellular telephone number.

5) And for any such other relief that this Honorable Court deems just, proper and necessary for appropriate relief.

Date: <u>March, 3, 2003</u>

Respectfully Submitted,

Marvin L. Cantine #315093
18701 Roxbury Rd, (RCI)
Hagerstown, MD 21746

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that a copy of the aforegoing Motion to suppress was mailed, postage prepaid to Ms. Tamera Fine, Assistant United States Attorney, located at 101 W. Lombard Street, Baltimore, Maryland 21202.

Date: March 3, 2004

Marvin L. Cantine
Marvin Cantine #315-093
Roxbury Correctional Institution
18701 Roxbury Road
Hagerstown, Maryland 21746

Defendant

Exhibit A

CD Rom for A-line wiretap



| | | |
|---|---|---|
| EX PARTE IN THE MATTER | * | IN THE |
| OF THE APPLICATION | * | CIRCUIT COURT |
| OF THE STATE OF MARYLAND | * | FOR BALTIMORE |
| FOR AN ORDER | * | CITY |
| AUTHORIZING THE INTERCEPTION | * | IN THE |
| OF WIRE COMMUNICATIONS | * | STATE OF MARYLAND |
| OVER TELEPHONE NUMBER | * | |
| 410-419-3215 (A-Line) | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## RETURN

On October 12, 2001 Co-Affiant Detective John Jendrek, Detective Keith Gladstone, Detective William Bristol and Detective William Knoerlein, all of the Criminal Investigation Unit of the Baltimore Police Department, received an Ex Parte Order issued by his Honor John N. Prevas, Judge of the Circuit Court for Baltimore City, State of Maryland, authorizing and approving the use of certain electronic and mechanical devices to intercept and record certain telephonic wire communications occurring over telephone number 410-419-3215 subscribed to by MR MARVIN L CANCINE of 1534 Burnwood Rd., Baltimore, MD 21239-3538. Said authorization was to commence on Friday, October 12, 2001, at 1200 hours to continue daily twenty-four hours each day, seven days a week, but to terminate no later than 1159 hours on November 10, 2001.

Interception actually commenced over 410-419-3215 on October 12, 2001 at 1812 hours and interception continued until approximately October 23, 2001 at 1635 hours.

All interceptions were electronically reproduced on an ADACS DVD-RAM recording system which also contains all logs for the corresponding intercepted activations. The corresponding notations were made by members of the Baltimore Police Department, Baltimore County Police Department and the DEA, and duly sworn members of the Baltimore City State's Attorney's Office under the supervision of your aforementioned affiants.

The following is an inventory of the one ADACS DVD disc with the corresponding logs, which were produced in accordance with the terms of the order.
One ADACS DVD was produced which contains all recordings on which the 247 activations and their corresponding logs and audio file were recorded over telephone

0461